FILED
IN OPEN COURT

JUL 1 3 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:23cr 89 |
| v. | ) | |
| | ) | Wire Fraud |
| DERICKSON LAWRENCE, | ) | 18 U.S.C. § 1343 and 1349 |
| | ) | (Counts 1-8) |
| Defendant. | ) | |
| | ) | 18 U.S.C. § 981(a)(1)(C) & |
| | ) | 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |
| | ) | |

## INDICTMENT

JULY 2023 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment, unless otherwise stated:

**GENERAL ALLEGATIONS**

1. Beginning in or about February 2016 and continuing through in or about December 2020, in the Eastern District of Virginia and elsewhere, the defendant, DERICKSON LAWRENCE, devised a scheme and artifice to defraud, and obtain money and property by means of false and fraudulent pretenses, representations, and promises.

2. During the relevant time period, Victim Company operated several franchises of a national restaurant chain in Virginia conducted business out of an office in Virginia Beach, Virginia.

3. During the relevant time period, defendant was the Chief Executive Officer of a business called Marketview, Inc. ("Marketview") which conducted business out of a physical location in Mount Vernon, New York, where defendant also resided.

## PURPOSE OF THE SCHEME

4. The purpose of the defendant's scheme and artifice to defraud was for the defendant to obtain money and property to which he was not entitled by taking money that had been entrusted to the defendant's business to pay the salaries of employees of a third-party company and, instead, using the funds for his personal use.

## WAYS, MANNER, AND MEANS

5. Marketview was paid by Victim Company to provide payroll services for Victim Company's employees, who could elect to receive their salary via direct deposit or, alternatively, via an issued debit card. Defendant sent an employee of Victim Company located in Virginia Beach, Virginia, G.C., regular invoices for the services provided by Marketview.

6. As part of and in furtherance of the scheme, defendant had ownership and control over, and was the signatory for, various business bank accounts for Marketview at Wells Fargo. Marketview employed only one other individual, D.A., a part-time employee who assisted the defendant for some period of time with the website and a financial database.

7. To pay the salaries of employees who selected to receive their wages via debit card, Victim Company would regularly transfer funds from its own accounts through an intermediary bank and into a Wells Fargo business account controlled by the defendant (the "Settlement Account"). Funds were then withdrawn by ACH debit from the Settlement Account by STAR Processing ("STAR"), a third-party company which handled the daily settlements for the debit card transactions and facilitated the actual withdrawals or purchases by employees using their debit cards.

8. As part of and in furtherance of the scheme, the defendant wired money which did not belong nor was due to defendant from the Settlement Account into another Wells Fargo

business banking account controlled by defendant (the "Payroll Account"), and thereafter transferred the funds, via wire, to the defendant's personal brokerage accounts with Scottrade/TD Ameritrade, where defendant used the funds to engage in speculative stock trading, including the purchase of call and put options for companies like Amazon, Tesla, and Netflix.

9. From on or about February 2018 to October 2019, the majority of withdrawals from the defendant's personal brokerage accounts were wires to an account at Capital One bank. Aside from a single transfer on February 1, 2018, for $9,900, there were no transfers from defendant's brokerage account back into either the Settlement or Payroll accounts.

10. As part of and in furtherance of the scheme, the defendant also withdrew cash from the Settlement Account, and transferred thousands of dollars from the Settlement Account to another account controlled by his romantic partner, M.N., who was never employed by Victim Company.

11. From January 2016 through December 2019, approximately $628,300 was diverted from the Settlement Account by, among other things, transfers to Payroll Account, transfers to defendant's romantic partner, and wires to defendant's brokerage account. During that same time period, defendant transferred or deposited approximately $295,400 in funds back into the Settlement Account, resulting in a net loss of about $333,808.75.

12. On or about December 2018, defendant began receiving notices from STAR that there were insufficient funds in the Marketview accounts to cover the payroll paid via debit cards issued to Victim Company employees. On or about September 13, 2019, STAR notified defendant that unless an outstanding balance of over $80,000 was paid within ten days, STAR would terminate its agreement and cease processing card transactions. On or about September

24, 2019, STAR terminated the agreement, ceased funding debit card transactions, and recommended that Marketview "immediately notify its cardholder clients."

13. As part of and in furtherance of the scheme, on or about September 25, 2019, the defendant emailed G.C., an employee of Victim Company located in the Eastern District of Virginia. In that email, the defendant did not disclose the more than $80,000 debt to STAR, or the fact that STAR had terminated its agreement with Marketview. Instead, defendant wrote:

> *"[l]ast week, as you know, we encountered a difficult service delivery problem with our card vendor . . . [i]n parallel, we experienced some customer service issues . . . We worked through the weekend and the past two days to fix and restore our service levels to no avail. Yesterday we made the decision not to submit the new card request, until a resolution was reached, and are informing you of that decision. An alternative to the card is or [sic] digital offering, which is part of what was submitted for the hand book. I'll be available to discuss further."*

14. As part of and in furtherance of the scheme, after sending the above email, defendant continued to transfer money from the Settlement Account into the Payroll Account and then wire funds to his personal brokerage accounts, including a transfer of $2,000 on or about October 23, 2019 from the Settlement Account to the Payroll Account which defendant then, on or about October 24, 2019, had sent via wire to his personal brokerage account.

(In violation of Title 18, United States Code, section 1343).

## COUNTS ONE THROUGH EIGHT
(Wire Fraud)

15. Paragraphs 1 through 14 of the General Allegations section of this Indictment are incorporated by reference as though fully set forth herein.

16. On or about the dates listed below, in the Eastern District of Virginia and elsewhere, DERICKSON LAWRENCE, for the purpose of executing the above-described scheme and artifice to defraud and to fraudulently obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly

transmit and cause to be transmitted, by means of a wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, each transmission being a separate count of this Indictment as indicated:

| Count | Date (on or about) | Description |
|---|---|---|
| 1 | August 3, 2018 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "which includes two processing periods – for the month of July 2018" |
| 2 | October 8, 2018 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "for two processing periods for the month of September 2018" |
| 3 | March 8, 2019 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "for two processing periods for the month of February 2019" |
| 4 | June 7, 2019 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "for two processing periods for the month of May 2019" |
| 5 | July 8, 2019 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "for two processing periods for the month of June 2019" |
| 6 | August 8, 2019 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "three processing periods for the month of June 2019" |
| 7 | September 13, 2019 | Email from defendant to Victim Company employee G.C. in Virginia Beach attaching invoice "which includes two processing periods in the month of August 2019" |
| 8 | September 25, 2019 | Email from defendant to Victim Company employee G.C. in Virginia Beach addressing the "difficult service delivery problem" |

(In violation of Title 18, United States Code, Sections 1343).

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.  The defendant, DERICKSON LAWRENCE, if convicted of any of the violations alleged in Counts One through Eight of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2.  If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c)).

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States v. Derickson Lawrence*, Criminal No. 2:23cr 

A TRUE BILL:

**REDACTED COPY**

_____

FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Anthony Mozzi
E. Rebecca Gantt
Assistant U.S. Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Fax:   (757) 441-6689
Email: anthony.mozzi@usdoj.gov